[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13967
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00204-SDM-SPF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN BUDOWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 27, 2020)

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Jason Mayberry moved to withdraw from further representation of Jonathan Budowski in his direct criminal appeal. In support of that motion, Mayberry filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Budowski responded, citing to one alleged non-frivolous ground for appeal. He also requested an extension to file a fuller response once the Covid-19 lockdown has ended at FCI Jesup and he once again has access to a law library. We granted Budowski two extensions, but he did not file another response by the deadline.

The *Anders* procedure is not constitutionally compelled, rather it safeguards "the constitutional right to appellate counsel announced in *Douglas*." *Smith v. Robbins*, 528 U.S. 259, 273 (2000). To satisfy any constitutional concerns, *Anders* requires that the reviewing court 1. "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal"; and 2. determine, based on an independent review of the record, that "counsel has correctly concluded that the appeal is frivolous." *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 442 (1988). Here, Mayberry properly filed an *Anders* brief citing to all relevant portions of the record. We then engaged in an independent review of the entire record and agree with counsel's assessment that any appeal would be frivolous. Accordingly, the *Anders* requirements have been satisfied and counsel's motion to withdraw is **GRANTED**. Budowski's convictions and sentences are **AFFIRMED**.